# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

10-55448

| In re: **Linda J Gaboury** Debtor(s) | ) ) ) ) ) ) ) | **Chapter 13 Case No.:** |
|---|---|---|

**Judge** **Marilyn Shea-Stonum**

■ **Original Chapter 13 Plan**

☐ **Amended Chapter 13 Plan****

■ **See Paragraph Twelve for Special Provisions**

************************************************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS WILL BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

---

** Reason Plan is Being Amended

## 1. PLAN PAYMENTS

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $ **180.00** per month, payable in

☐ monthly ☐ semi-monthly ■ bi-weekly ☐ weekly installments of $ **83.08** each,

**X** The Debtor is employed by **Operating Tax Systems, LLC, 1040 Cambridge Square, Suite C, Alpharetta, GA 30009** and shall make payment by payroll deduction.

____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

____ The Debtor is retired and/or has **(source of income)** and shall make payments to the Trustee by check or money order.

The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

## 2. ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| **-NONE-** | | | |

## 3. ORDER OF DISTRIBUTION

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

## 4. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **-NONE-** | | | | |

### B. Liens and Other Claims Secured by Real Estate

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **-NONE-** | | | | |

## 5. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Chrysler Financial** | **2002 PT Cruiser** | **4,408.67** | | **154.77** |

## 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| **-NONE-** | | |

## 7. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does ■ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| **-NONE-** | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| **-NONE-** | | |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| **-NONE-** | |

## 9. GENERAL UNSECURED CLAIMS

Unsecured Creditors shall be paid **5** %, of timely filed and non disputed general non-priority unsecured claims.

## 10. PROPERTY TO BE SURRENDERED

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| **-NONE-** | |

## 11. EXECUTORY CONTRACT AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description |
|---|---|
| **-NONE-** | |

## 12. SPECIAL PROVISIONS

**36 Month Plan**

**Debt with Chrysler Financial (2002 PT Cruiser) to be crammed down. Motion to Determine Secured Value to be filed. Balance of debt to be paid at same percentage as all other general unsecured creditors.**

Claims specified below include the cramdown of automobiles or bifurcation of claims. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Chrysler Financial** | **2002 PT Cruiser** | **4,408.67** | | **154.77** |

**/s/ Linda J Gaboury**
**Linda J Gaboury**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com Best Case Bankruptcy

Date: **November 9, 2010**

**/s/ Robert W. Heydorn**
**Robert W. Heydorn**
**0000898**
**Hoover, Heydorn & Herrnstein Co., LPA**
**527 Portage Trail**
**Cuyahoga Falls, OH 44221**
**330-929-2676**